**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MARTIN HUGHES,

      *Plaintiff*,

    v.

THE DISTRICT OF COLUMBIA,

      *Defendant*.

Civil Action No. 25-2270 (SLS)

Judge Sparkle L. Sooknanan

## <u>MEMORANDUM OPINION</u>

Martin Hughes filed this lawsuit against the District of Columbia challenging the conduct of District police officers during three incidents in 2018, 2021, and 2022. On February 9, 2026, the Court dismissed Mr. Hughes' Amended Complaint. Mem. Op., ECF No. 22. In short, the Court found that Mr. Hughes' allegations were too conclusory to state a plausible claim for relief. *Id.* 7–9. Mr. Hughes now moves to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e) or, in the alternative, for leave to file a second amended complaint under Federal Rule of Civil Procedure 15(a)(2). Mot., ECF No. 24. The District opposes. Opp., ECF No. 25. The Court once again recognizes that Mr. Hughes has experienced significant harms because of his various interactions with law enforcement. But because it may not grant him the relief he seeks based on the record before it, the Court denies his motion.

## DISCUSSION

### A.    Motion to Alter or Amend

Motions under Rule 59(e) are "discretionary" and "need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d

1205, 1208 (D.C. Cir. 1996) (citation omitted). Generally, such motions are "disfavored" and should be "granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Off. of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057–58 (D.C. Cir. 1998)). A motion that "repeats unsuccessful arguments, or is made based on mere disagreement with the court's judgment, will not survive scrutiny." *Greer v. Bd. of Trs. of Univ. of D.C.*, No. 24-cv-710, 2025 WL 1186260, at *1 (D.D.C. Apr. 4, 2025) (cleaned up). Because Mr. Hughes is proceeding pro se, the Court "liberally construe[s]" his motion. *Adams v. CIA*, No. 20-cv-377, 2023 WL 4350083, at *1 (D.D.C. May 5, 2023) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Mr. Hughes' motion does not establish that there has been an "intervening change of controlling law" or the "availability of new evidence,"[1] so the only question is whether Mr. Hughes demonstrates a "need to correct a clear error or prevent manifest injustice." *Firestone*, 76 F.3d at 1208 (citation omitted). "Rule 59(e) sets a high bar for a finding of clear error, which is met when the final judgment entered is 'dead wrong[.]'" *Ecological Rts. Found. v. U.S. Env't Prot. Agency*, 541 F. Supp. 3d 34, 57 (D.D.C. 2021) (quoting *CNN, Inc. v. FBI*, 401 F. Supp. 3d 187, 193 (D.D.C. 2019)). Clear error can occur "because of 'errors of fact appearing on the face of the record, or errors of law.'" *Id.* (quoting *Jud. Watch, Inc. v. U.S. Dep't of State*, 282 F. Supp. 3d 338, 341 (D.D.C. 2017)). The District argues that no such error occurred here. The Court agrees.

---

[1] Mr. Hughes alerts the Court that the D.C. Superior Court recently granted motions to seal records related to his 2018 and 2021 arrests. *See* Reply 1–2, ECF No. 26; *see also* Orders to Seal, ECF No. 26-1. He relies on these sealing orders to argue that "dismissal of his claims . . . would result in manifest injustice." Reply 2. He does not argue that the records constitute "new evidence," which is not surprising given that they do not identify any new evidence relevant to the instant claims. *See* Orders to Seal.

The Court's Opinion was based on a careful review of Mr. Hughes' Amended Complaint and his other filings in opposition to the District's Motion to Dismiss. *See* Mem. Op. 2 (noting that because Mr. Hughes is pro se, the Court considered his complaint "in light of all filings, including filings responsive to the motion to dismiss" (quoting *Brown v. Whole Foods Mkt. Grp. Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Based on its review of those filings and of the relevant case law, the Court found that Mr. Hughes' allegations were too conclusory to state plausible claims for relief. *Id.* 4. In his Rule 59(e) motion, Mr. Hughes does not advance any new legal arguments or identify any relevant facts suggesting that a different conclusion was warranted, much less that the Court's conclusion was "dead wrong." *CNN, Inc.*, 401 F. Supp. 3d at 193 (cleaned up).

Mr. Hughes' arguments regarding manifest injustice are similarly unavailing. "[M]anifest injustice is an exceptionally narrow concept and arises from rulings that upset settled expectations—expectations on which a party might reasonably place reliance.'" *Greer*, 2025 WL 1186260, at *2 (cleaned up). Mr. Hughes has not shown that failure to grant his motion will result in manifest injustice. As the Court noted in its Opinion, it is sympathetic to the lasting impact that Mr. Hughes' interactions with law enforcement have had on his life. Mem. Op. 1. And it recognizes the importance of Mr. Hughes successfully getting his arrest records from 2018 and 2021 sealed. *See* Orders to Seal, ECF No. 26-1. But the sealing of those records simply does not alter the Court's analysis. Indeed, as explained below, Mr. Hughes still has not stated a plausible claim for relief. Thus, dismissal creates no manifest injustice.

### B.    Motion for Leave to Amend

Rule 15(a)(1) permits a party to "amend its pleading once as a matter of course [within] . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). Outside of that time, Rule 15(a)(2) allows a party to amend its pleading "only with the opposing party's

written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While leave to amend should generally be "freely given," *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it may be denied if the amendment would be futile—*i.e.*, the proposed amended complaint "would not survive a motion to dismiss," *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012).

Here, the District urges the Court to deny Mr. Hughes' motion because the proposed amendment would be futile. Having reviewed the proposed amendment, the Court agrees. Again, Mr. Hughes' claims arise from three incidents that occurred in 2018, 2021, and 2022. His proposed Second Amended Complaint makes clear that any claims predicated on the 2018 and 2021 incidents are time-barred. Proposed Second Am. Compl. (SAC), ECF No. 24-1. And the allegations regarding the final incident in 2022 are still too conclusory to state a plausible claim.

*First*, the claims challenging the 2018 and 2021 incidents are time-barred. Mr. Hughes' claims under 42 U.S.C. § 1983 are subject to a three-year statute of limitations. *Earle v. Dist. of Columbia*, 707 F.3d 299, 305 (D.C. Cir. 2012). Mr. Hughes filed this lawsuit on October 22, 2024. ECF No. 1-2. He is thus barred from asserting claims that accrued more than three years before that date—*i.e.*, before October 22, 2021. "As a general rule, a claim normally accrues when the factual and legal prerequisites for filing suit are in place." *Id.* at 306 (cleaned up). Here, the factual and legal prerequisites for Mr. Hughes to challenge the 2018 and 2021 incidents appear to have been present when those incidents occurred. The 2018 incident is thus clearly outside the three-year window that preceded this suit. And while it was not clear from Mr. Hughes' Amended Complaint that the 2021 incident was time-barred, *see* Am. Compl., ECF No. 14 (identifying the incident only by year and not month or day), his proposed Second Amended Complaint dispels any uncertainty. It clearly places that incident on February 28, 2021, SAC 1, well outside the three-year window.

4

Mr. Hughes' argument that the Court should apply the "relation back" doctrine under Rule 15(c) does not alter this conclusion. *See* Reply 2–3, ECF No. 26. The problem is not that Mr. Hughes failed to sue the correct officers within the three-year window. The problem is that he did not sue anyone (the District or any officers, named or unnamed) within three years of the 2018 and 2021 incidents. There is thus no timely filed lawsuit regarding those incidents to which his proposed Second Amended Complaint can relate back.

*Second*, even if Mr. Hughes has a timely claim related to the 2022 incident, it has not been plausibly alleged. The Court previously dismissed Mr. Hughes' alleged constitutional violations because they were "'legal conclusions' that [we]re not supported by 'the facts set out in the complaint' or by inferences that [could] reasonably be drawn from those facts." Mem. Op. 7 (quoting *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006)). Had Mr. Hughes sought amendment with concrete factual allegations to support his claims, the Court would have granted him an opportunity to amend. But Mr. Hughes' proposed Second Amended Complaint says even less about the 2022 incident than the operative Amended Complaint. *Compare* Am. Compl. *with* SAC. Indeed, the only thing that it says about the 2022 incident is that it and the 2018 incident were "similar encounters" to the incident that Mr. Hughes experienced in 2021 and "result[ed] in arrests without conviction and continued retention of property." SAC 2. This single allegation is simply not enough to state a plausible claim that the District or any of its officers violated Mr. Hughes' constitutional rights during the 2022 incident. Accordingly, permitting Mr. Hughes to amend to advance this claim would be futile. *Hettinga*, 677 F.3d at 480.

## CONCLUSION

For all these reasons, the Court denies Mr. Hughes' Motion to Alter or Amend the Court's prior judgment or, in the alternative, for Leave to Amend his Complaint. ECF No. 24.

A separate order will issue.

 

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   March 31, 2026

6